UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEXAS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ARES INSURANCE MANAGERS LLC,<br><br>Defendant. | CASE NO. C23-01473-KKE<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDERING JOINT STATUS REPORT |

THIS MATTER came before the Court on the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. No. 3. Having reviewed the motion, Plaintiff's supplemental brief (Dkt. No. 13), and the balance of the docket, the Court DENIES the Plaintiff's motion for a Temporary Restraining Order.

A temporary restraining order ("TRO"), as with any preliminary injunctive relief, is an extraordinary remedy, "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A party seeking a TRO must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) a balancing of equities tips in favor of a TRO; and (4) an injunction is in the public interest. *Id.* at 20; *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standards for a TRO

and a preliminary injunction are equivalent). To obtain injunctive relief, "plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

Here, the Plaintiff has not met its burden to show it faces irreparable harm in the absence of relief. The Plaintiff has not shown that the harms it identified in its TRO motion and supplemental briefing cannot be adequately remedied through an award of damages.

As Plaintiff styled its motion as a request for a preliminary injunction in the alternative (Dkt. No. 3), the Court is inclined to re-note the motion as a preliminary injunction motion, with a briefing schedule set in accordance with Local Civil Rule 7(d)(3). Under this rule, the motion would be noted for October 13, 2023. Before taking this action, the Court seeks the parties' input.

The parties are ORDERED to meet and confer, either in-person or via videoconference or telephone, and file a joint status report with the Court no later than 5:00pm on Friday, September 29, 2023 addressing the following issues:

1. Whether the parties object to the briefing schedule proposed herein, and if so, an alternative schedule for the re-noting and briefing of Plaintiff's motion;

2. Whether the parties request oral argument and/or an evidentiary hearing on the motion; and

3. Whether the need for expedited discovery or other matters require Court intervention before the motion for preliminary injunction can be fully briefed and heard.

If necessary, the parties may request a status conference to address issues that the parties are unable to resolve.

Dated this 26th day of September, 2023.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDERING JOINT STATUS REPORT - 2

1
2
3

                                             Kymberly K. Evanson  
                                             United States District Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDERING JOINT STATUS REPORT - 3