UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEXAS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ARES INSURANCE MANAGERS LLC,<br><br>Defendant. | CASE NO. C23-01473-KKE<br><br>ORDER ON HEARING AND MOTION TO STRIKE |

THIS MATTER comes before the Court on Talisman Specialty Underwriters, Inc.'s ("Talisman") motion to intervene (Dkt. No. 24), and Defendant Ares Insurance Managers LLC's ("Ares") surreply motion to strike (Dkt. No. 36). Having reviewed these filings and the balance of the docket, the Court ORDERS:

1) The evidentiary hearing on Plaintiff Texas Insurance Company's ("TIC") motion for preliminary injunction scheduled for November 6, 2023 is converted to oral argument on the motion to intervene (Dkt. No. 24) at 10:00 a.m. on November 6, 2023, in Courtroom 16206. At that hearing, counsel shall be prepared to address the applicability of the first-to-file rule, with respect to Case No. 2:23-cv-03412 pending in the Eastern District of Louisiana. *See, e.g.*, *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237 (9th Cir. 2015).

ORDER ON HEARING AND MOTION TO STRIKE- 1

Counsel for TIC, Ares, and Talisman should further be prepared to address the following at the November 6 hearing:

i. Talisman describes the Louisiana action as "concurrent," and claims that in that action TIC "alleges substantially the same allegations as here" and "seeks the same relief." Dkt. No. 24 at 3. Do TIC and Ares agree with that characterization of the Louisiana action? If not, what distinguishes the issues raised in the Louisiana action from those in this action?

ii. Are the parties to the Louisiana action substantially similar to the parties in this case? Does your answer depend on whether the motion to intervene is granted?

iii. Ares has stated that if TIC's motion for preliminary injunction currently pending in the Louisiana action is granted, it would moot this case. Dkt. No. 32 at 5. Do TIC and Talisman agree?

iv. Would a stay of this case pending resolution of the Louisiana action maximize judicial economy, consistency, and comity? If this case is not stayed, is there a risk of multiple inconsistent judgments on the same issues?

2) Ares's motion to strike (Dkt. No. 36) is DENIED. However, Ares is granted leave to file a supplemental response addressing the material submitted in the Second Supplemental Declaration of Jeffrey Silver no later than Monday, November 13, 2023.

Dated this 30th day of October, 2023.

*Kymberly K Evanson*

Kymberly K. Evanson
United States District Judge