UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEXAS INSURANCE COMPANY,<br><br>                    Plaintiff(s),<br><br>     v.<br><br>ARES INSURANCE MANAGERS LLC,<br><br>                    Defendant(s). | CASE NO. C23-01473-KKE<br><br>ORDER DENYING DEFENDANT ARES'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff Texas Insurance Company ("TIC") sues Defendant Ares Insurance Managers, LLC ("Ares"), alleging that Ares wrote insurance policies binding TIC without proper authorization. Dkt. No. 1. TIC alleges violations of the Washington Consumer Protection Act ("CPA"), common law unfair competition, unjust enrichment, and breach of fiduciary duty. *Id.* at 8–11. Ares now moves for summary judgment. Dkt. No. 58. However, because the parties agree that discovery is far from complete and that an impending trial in a companion case may resolve some of the issues here, the Court denies Ares's motion pursuant to Federal Rule of Civil Procedure 56(d).

I. **BACKGROUND**

TIC is a surplus line property and casualty insurance carrier. Dkt. No. 1 ¶ 6. Ares is an independent managing general underwriter and excess surplus line broker specializing in marine insurance. *Id.* ¶ 8. Defendant-Intervenor Talisman Specialty Underwriters, Inc. ("Talisman") and

ORDER DENYING DEFENDANT ARES'S MOTION FOR SUMMARY JUDGMENT - 1

TIC have a contractual relationship by which Talisman was permitted to enter and underwrite lines of insurance for TIC. Dkt. No. 64-1. That agreement required that each line of business written in TIC's name be "as agreed" or pre-approved by TIC. Dkt. No. 64-5 at 3–7, Dkt. No. 58 at 4. On December 29, 2022, Talisman entered a Delegated Underwriting Agreement ("DUA") with Ares. Dkt. No. 29-1. The DUA permits Ares to act on Talisman's behalf in marketing and entering insurance policies. *Id.*

In this action, TIC alleges that Ares has been soliciting and entering insurance policies in TIC's name without authorization. Dkt. No. 1 ¶ 1. TIC filed a similar action in the Eastern District of Louisiana against Talisman. *Texas Insurance Company v. Talisman Specialty Underwriters, Inc.*, No. 23-cv-03412-SSV-JVM ("Louisiana case").

TIC claims that based on its review of the records produced by Ares and Talisman so far, Ares wrote 1,226 policies for TIC, representing $4,693,605.34 in gross written premium ("GWP"). Dkt. No. 64 ¶ 23. TIC attests that no portion of the $4,693,605.34 was turned over to TIC "so that it can adequately report and account for the premium in its submissions to regulators and ensure that the premium tax is paid." *Id.* ¶ 24. TIC further alleges it expected to retain a commission on the GWP, amounting to about $469,360.53. *Id.* ¶ 25. TIC also asserts that it is required to pay premium tax on the business written by Ares but cannot accurately calculate such tax because neither Talisman nor Ares disclosed the states in which the allegedly unauthorized policies were written. *Id.* ¶ 26. Ares disputes that TIC has incurred any damages and has moved for summary judgment on that basis. Dkt. No. 58. TIC argues that factual disputes preclude summary judgment and that in any event, Ares's motion is premature because discovery is still in progress. Dkt. No. 62 at 23. TIC asks that the motion be denied pursuant to Fed. R. Civ. P. 56(d). *See id.* at 12, 23.

On April 1, 2025, the parties filed a stipulated motion seeking to extend the case schedule by several months to permit the completion of several depositions, including the Rule 30(b)(6)

deposition of Talisman. Dkt. No. 67. The parties also noted that the Louisiana case is going to trial in January 2026, and that that case "may be relevant, and potentially dispositive of, some of the issues" in this matter. *Id.* at 3.

## II. ANALYSIS

### A. Summary Judgment Standard

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (cleaned up). A party moving for summary judgment under Rule 56 "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The burden then shifts to the party opposing summary judgment, who must affirmatively establish a genuine issue on the merits of the case. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

However, Rule 56(d) also provides protection against a party's premature motion for summary judgment:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The Ninth Circuit directs courts to grant Rule 56(d) requests "fairly freely" when a party has not had a realistic opportunity to pursue discovery. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003). The party seeking a continuance under Rule 56(d) "must identify by affidavit the specific facts that

ORDER DENYING DEFENDANT ARES'S MOTION FOR SUMMARY JUDGMENT - 3

further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (citations omitted). "The burden lies with 'the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists' and that it would prevent summary judgment." *Moba v. Total Transp. Servs. Inc.*, 16 F. Supp. 3d 1257, 1262 (W.D. Wash. 2014) (citing *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996)).

B.    **Ares's Motion is Denied Without Prejudice.**

Ares argues that "TIC has failed to articulate a damages theory, provide a damages estimate, or offer expert testimony on causation or damages itself." Dkt. No. 58 at 1, 10 (arguing that an actual injury is a necessary element of each of TIC's claims). TIC responds that there is significant outstanding discovery that is necessary to establish both causation and damages, including: (1) the deposition of Michael Camilleri, a non-party who has knowledge of Ares and Talisman's relationship; (2) Talisman's corporate deposition; and (3) the review of 18,000 documents produced by Ares. Dkt. No. 62 at 24. TIC argues this discovery will also lead to updated expert disclosures. *Id.* Ares concedes that such steps are appropriate in this case, and in fact recently stipulated to extension of the case schedule to allow this discovery to go forward. *See* Dkt. No. 67. To that end, under the parties' proposed new case schedule, expert disclosures are not yet due, and discovery would be open for nearly four more months. *Id.* at 3. The parties further agreed in that motion that there was the requisite "good cause" under Rule 16 to extend the case schedule because "Talisman's deposition testimony may be relevant to expert disclosures." *Id.* at 2. This concession supports TIC's position here. Dkt. No. 62 at 24. Finally, the parties also argued that there was good cause to extend the case schedule because the Louisiana case is going to trial in January 2026, and the outcome of that case "may be relevant, and potentially dispositive of, some of the issues" in this matter. Dkt. No. 67 at 3. It is unclear whether the parties believe

ORDER DENYING DEFENDANT ARES'S MOTION FOR SUMMARY JUDGMENT - 4

the potentially dispositive nature of the issues in that case warrant further delay of dispositive motions in this case, but this representation (at the very least) suggests that the present factual record is insufficient.

Even absent Ares's agreement, TIC has shown through the declarations filed in support of its response that further discovery will reveal necessary facts about the Ares-issued policies, and accordingly, the damages and injuries allegedly accrued from their issuance. For example, TIC's expert on insurance standards and regulations attested that in order to provide his opinion, TIC needs "an analysis of the policies, the underwriting done for each such policy, an assessment of the loss ratio on the Ares policies, and an assessment of the reinsurance that currently is in place." Dkt. No. 65 at 5. TIC's expert concluded that "[g]iven the current stage of discovery, it is premature to quanti[f]y this number." *Id.* TIC has thus met its burden under Rule 56(d). *See Tatum*, 441 F.3d at 1100 (Rule 56(d) movant must show "specific facts that further discovery will reveal.").

Therefore, in light of the above, the Court declines to "spi[n] its wheels by considering a summary judgment motion when the parties have not had time to develop an adequate factual record." *United States v. Real Prop. & Improvements*, No. 13-CV-02027-JST, 2014 WL 3704041, at *3 (N.D. Cal. July 24, 2014). On the basis of Rule 56(d), Ares's motion for summary judgment is denied.

### III. CONCLUSION

Ares's motion for summary judgment is DENIED WITHOUT PREJUDICE (Dkt. No. 58). In the Court's April 4, 2025 order, the parties were directed to jointly contact the Courtroom Deputy to identify a new trial date in this matter so that a case schedule can be issued. As of the date of this order, they have failed to do so.

ORDER DENYING DEFENDANT ARES'S MOTION FOR SUMMARY JUDGMENT - 5

The Court therefore ORDERS the parties to contact the Courtroom Deputy on or before **May 9, 2025**, to identify a new trial date in this matter. If the potentially dispositive nature of the Louisiana action warrants an extended case schedule or a stay of this matter, the parties should so inform the Court.

Dated this 2nd day of May, 2025.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge