UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEXAS INSURANCE COMPANY,<br><br>                  Plaintiff(s),<br>v.<br><br>ARES INSURANCE MANAGERS LLC,<br><br>                  Defendant(s),<br>v.<br><br>TALISMAN SPECIALTY UNDERWRITERS, INC.<br><br>                  Intervenor-Defendant(s). | CASE NO. C23-01473-KKE<br><br>ORDER GRANTING STIPULATED MOTION TO STAY |

Plaintiff Texas Insurance Company ("TIC") sues Defendant Ares Insurance Managers, LLC ("Ares"), claiming that Ares wrote insurance policies binding TIC without proper authorization. Dkt. No. 1. About a month before filing in this Court, TIC initiated a similar action in the Eastern District of Louisiana against Defendant-Intervenor Talisman Specialty Underwriters, Inc. ("Talisman"). *Texas Insurance Company v. Talisman Specialty Underwriters, Inc.*, No. 23-cv-03412-SSV-JVM ("Louisiana case"). The parties jointly move to stay this case pending resolution of the Louisiana case. Dkt. No. 78. The parties agree that resolution of the Louisiana case will likely affect the claims in this case. *Id.* at 3.

ORDER GRANTING STIPULATED MOTION TO STAY - 1

The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In deciding a motion to stay, the Court balances several competing interests, including

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay is appropriate here. Given their stipulation, the parties have identified no damage that may result from staying this case. In contrast, if the parties were required to go forward, they may be prejudiced by potential duplicative pretrial proceedings and potentially inconsistent pretrial rulings. And lastly, granting the stay would promote judicial economy and administration because the issues will likely be simplified through the Louisiana proceeding, which will resolve before this matter. In response to the parties request to extend the case schedule, the Court vacated all remaining deadlines and requested new proposed deadlines from the parties. Dkt. No. 68. A new case schedule has not been entered. In contrast, the Louisiana matter is set for trial on January 26, 2026, with dispositive motions due on November 12, 2025. Dkt. No. 78 at 2. Therefore, the competing interests favor granting the stay.

As such, the Court GRANTS the parties' motion to stay. Dkt. No. 78. The Court ORDERS the parties to file a joint status report **14 days** after (1) the entry of an order on a dispositive motion resolving the Louisiana matter or (2) the completion of trial in the Louisiana matter, whichever comes first. The joint status report should provide the status of the Louisiana matter and propose further proceedings or extension of the stay in this case, if necessary. The Court TERMINATES Ares' and Talisman's motion to stay, which is now moot. Dkt. No. 73.

1  Dated this 7th day of July, 2025.

*Kymberly K Evanson*
―――――――――――――――――
Kymberly K. Evanson
United States District Judge